IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RUSLAN MALOVANYI,

                Plaintiff,

v.

NORTH AMERICAN PIPE CORPORATION,

                Defendant.

ORDER

15-cv-548-jdp

---

Plaintiff Ruslan Malovanyi filed a complaint with this court on September 3, 2015, alleging that the court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332. Dkt. 1. Plaintiff alleges that defendant North American Pipe Corporation caused a bundle of large PVC pipes to fall and crush plaintiff as defendant loaded the pipes into plaintiff's truck at defendant's Janesville, Wisconsin plant. Plaintiff alleges more than $75,000 in damages a result of defendant's negligence.

Now defendant has moved for leave to file third-party complaints. Dkt. 21. But before the court can consider defendant's motion, it must address a threshold jurisdictional concern. Because the allegations in plaintiff's complaint are insufficient to determine whether diversity jurisdiction actually exists, the court will direct plaintiff to file an amended complaint containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d

798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties "are citizens from different states." Dkt. 1, ¶ 1. But plaintiff's allegations regarding the parties' citizenship are insufficient to allow the court to determine whether the latter is true.

Although plaintiff alleges that he "is an individual residing in Pennsylvania," Dkt. 1, ¶ 3, this allegation is not sufficient to establish plaintiff's citizenship. "Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile." *Lake v. Hezebicks*, No. 14-cv-143, 2014 WL 1874853, at *1 (N.D. Ind. May 9, 2014) (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)). Plaintiff conflates the terms "residence" and "domicile" and must clarify the allegation in an amended complaint.

Plaintiff has also failed to allege defendant's citizenship with sufficient specificity. Plaintiff alleges that defendant "is a Texas corporation doing business in Wisconsin." Dkt. 1, ¶ 4. A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. *Hertz*, 559 U.S. at 88. Although plaintiff's allegation seems to suggest that defendant is incorporated in Texas, the allegation is not clear, and regardless, plaintiff does not say where defendant's principal place of business is located.

Before dismissing this case for lack of subject matter jurisdiction, the court will allow plaintiff to file an amended complaint that establishes subject matter jurisdiction by alleging

the parties' citizenship. Once plaintiff establishes that this court has subject matter jurisdiction over this case, the court will consider defendant's motion for leave to file third-party complaints.

ORDER

IT IS ORDERED that:

1. Plaintiff Ruslan Malovanyi will have until April 26, 2016, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered April 13, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge